IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

LACY WRIGHT, JR.,
      Plaintiff,

v.                      CIVIL ACTION NO.: 1:11-cv-00041

SUNTRUST BANK, et al.
      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

Before the court is the motion to dismiss for lack of personal jurisdiction of defendants Teresa Pike and Christina Lee Byrd (Doc. # 2).  For reasons more fully explained herein, the defendants' motion is **GRANTED**.

<u>I. Factual and Procedural History</u>

Plaintiff, Lacy Wright, Jr. ("Wright"), brought this action against defendants SunTrust Bank, Teresa Pike and Christina Lee Byrd (collectively "defendants") on December 17, 2010 in the Circuit Court of Mercer County, West Virginia.  SunTrust Bank's principal place of business is in Atlanta, Georgia; both Byrd and Pike are residents of Montgomery County, Virginia; and Wright is a resident of McDowell County, West Virginia.  There is complete diversity of citizenship between the parties.  Additionally, the SunTrust branches in which Wright sought to do business are located in Fairlawn, Virginia, and Radford, Virginia.

This case centers on a series of events related to Wright's transacting banking business with SunTrust on behalf of his

1

elderly mother.  Defendants Pike and Byrd are both SunTrust employees.  Wright alleges that he gave the defendants a valid power of attorney, permitting him to handle his mother's banking affairs.  Wright alleges that the defendants lost that power of attorney, and he consequently furnished them with a new copy. According to Wright, he gave defendants at least two more copies of the power of attorney.

Nonetheless, on November 6, 2010, when Wright attempted to transact business for his elderly mother, defendants informed him that they did not have a valid power of attorney on file.  Wright lists in his complaint a handful of occasions after November 6, 2010, on which he experienced further difficulties handling his mother's affairs despite the existence of the allegedly valid power of attorney.

Specifically, with respect to the individual defendants, Wright avers that Christina Lee Byrd ("Byrd") told him that he "could not conduct business at that [SunTrust] branch (Fairlawn Branch), because his mother's Power of Attorney was at the SunTrust Kent Street location. . . ."  Complaint, p.5.  Wright then alleges that Teresa Pike ("Pike"), who is SunTrust Bank's employee and Branch Manager at the Kent Street SunTrust branch, told him that he "could not transact banking business for his mother. . . ."  Id.  In so doing, Wright argues, Pike "wrongfully and negligently refus[ed] to honor a legally valid power of

2

attorney and continu[ed] a pattern and course of negligent and
wrongful conduct and breach[ed] numerous duties to the
plaintiff." Id. at 6.  Wright also claims that Byrd and Pike
unreasonably allowed financial transactions to close on his
mother's account, even though Wright had previously warned them
of his belief that his mother might fall victim to financial
abuse and fraud by undisclosed third parties.  Wright seeks
general damages in the amount of $75,000, plus punitive damages
for defendants' conduct.

On January 18, 2011, defendants removed the case to this
court, invoking diversity jurisdiction under 28 U.S.C. § 1332.
On the same day, defendants Pike and Byrd filed the instant
motion, alleging lack of personal jurisdiction.

## II. Standard of Review

Plaintiff bears the burden of proving personal jurisdiction
by a preponderance of the evidence.  Work While U-Wait, Inc. v.
TELeasy Corp., No. 2:07-266, 2007 U.S. Dist. LEXIS 79023, at *4
(S.D.W. Va. Oct. 24, 2007).  "When the court addresses the
question on the basis only of motion papers, supporting legal
memoranda and the relevant allegations of a complaint, the burden
on the plaintiff is simply to make a prima facie showing of a
sufficient jurisdictional basis in order to survive the

3

jurisdictional challenge."[1] <u>Combs v. Bakker</u>, 886 F.2d 673, 676
(4th Cir. 1989).  "In considering a challenge on such a record,
the court must construe all relevant pleading allegations in the
light most favorable to the plaintiff, assume credibility, and
draw the most favorable inferences for the existence of
jurisdiction."  <u>Id.</u>  In all, there is a "very low threshold
showing necessary to establish a prima facie case of personal
jurisdiction" in West Virginia.  <u>Vass v. Volvo Trucks N. Am.,
Inc.</u>, 304 F. Supp. 2d 851, 855 (S.D.W. Va. 2004).

### III. Analysis

"Federal Rule of Civil Procedure 4(k)(1)(A) provides a
federal court may exercise personal jurisdiction over a defendant
in the manner provided by state law."  <u>Id.</u> at 853 (citing
<u>Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.</u>, 334
F.3d 390, 396 (4th Cir. 2003)).  "For a district court to assert
personal jurisdiction over a nonresident defendant, two
conditions must be satisfied: (1) the exercise of jurisdiction
must be authorized under the state's long-arm statute; and (2)

---

[1] Where there is a factual dispute with respect to personal
jurisdiction, the district court may hold an evidentiary hearing,
or it may defer a ruling until trial, when more evidence on the
issue becomes available.  <u>Stand Energy Corp. v. Columbia Gas
Transmission Corp.</u>, No. 2:04:0867, 2005 U.S. Dist. LEXIS 20866,
at *8 (S.D.W. Va. Aug. 8, 2005).  In the instant case, there is
no factual dispute between the parties, as defendants do not
challenge the basis that plaintiff lays for personal jurisdiction
over defendants.  The only dispute between the parties is whether
those facts, as stated by plaintiff, are legally sufficient to
establish personal jurisdiction over the individual defendants.

the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." Id. at 854 (citing Carefirst, 334 F.3d at 396). "As the Fourth Circuit recognized, 'because the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary [...] to go through the normal two-step formula for determining the existence of personal jurisdiction. Rather the statutory inquiry necessarily merges with the Constitutional inquiry.'" Id. (citing Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.), 124 F.3d 619, 627-28 (4th Cir. 1997)).

"To satisfy constitutional due process, the defendant must have sufficient minimum contacts with West Virginia so that requiring it to defend its interests here would not 'offend traditional notions of fair play and substantial justice.'" Id. (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). "Those minimum contacts necessary to confer jurisdiction are limited to those activities by which a person 'purposely avails itself of the privilege of conducting activities within the forum state.'" Id. (citing Hanson v. Denckla, 357 U.S. 235, 253 (1958); see also In re Celotex, 124 F.3d at 628 (the minimum contacts must be "purposeful"). As the Vass court explained,

> This occurs where the contacts "proximately
> result from actions by the defendant himself
> that create a 'substantial connection' with
> the forum state," Burger King Corp. v.

5

> Rudzewicz, 471 U.S. 462, 475, 85 L. Ed. 2d
> 528, 105 S. Ct. 2174 (1985)(emphasis in
> original), or where the defendant's efforts
> are "purposefully directed" at the state.
> Id. at 476.

Vass, 304 F. Supp. 2d, at 854.  Additionally, courts have
distinguished between two different types of personal
jurisdiction, general and specific:

> Where a nonresident defendant has made
> continuous and systematic contacts with the
> forum state, a court may exert general
> personal jurisdiction over him without regard
> to the contacts surrounding the transaction
> in question.  Diamond Healthcare of Ohio,
> Inc. v. Humility of Mary Health Partners, 229
> F.3d 448, 450 (4th Cir. 2000).  "In the
> absence of continuous and systematic
> contacts, a court may still exercise specific
> personal jurisdiction when the contacts
> relate to the cause of action and create a
> substantial connection with the forum state."
> Id.

Work While U-Wait, Inc., 2007 U.S. Dist. LEXIS 79023, at *7-8.
As Wright has not argued the existence of specific personal
jurisdiction, the court will consider only what is required to
show general personal jurisdiction.

"General personal jurisdiction [...] requires 'continuous
and systematic' contacts with the forum state, such that a
defendant may be sued in that state for any reason, regardless of
where the relevant conduct occurred."  CFA Inst. v. Inst. of
Chartered Fin. Analysts of India, 551 F.3d 285, 292 (4th Cir.
2009).  Crucially, "the threshold level of minimum contacts to

6

confer general jurisdiction is significantly higher than for specific jurisdiction." ESAB Group v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir. 1997); see also Nichols v. G. D. Searle & Co., 991 F.2d 1195, 1199 (4th Cir. 1993) ("Only when the 'continuous corporate operation within a state [is] thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities' may a court assert general jurisdiction over a corporate defendant.") (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 318 (U.S. 1945).

While there is no hard-and-fast rule for determining when a defendant's contacts with the forum state reach the level necessary to justify a finding of general personal jurisdiction, there are certain indicia which courts look to in making their decision.  These indicia include: (a) whether the defendant has any physical presence in the forum state, see Centricut, 126 F.3d, at 624; (b) the proportion of defendant's total business activities that is conducted in the forum state, see id.; (c) the extent to which advertising or solicitation of business is directed specifically at particular individuals, or whether it is of a more general nature, see Boone v. Sulphur Creek Resort, Inc., 749 F. Supp. 195, 199 (S.D. Ind. 1990) and; (d) the extent to which the non-resident defendant created long-term business relationships with resident customers of the forum state, see

_Metcalfe v. Renaissance Marine, Inc._, 566 F.3d 324, 335 (3d Cir. 2009); _see also_ _Roberts v. Synergistic Int'l, LLC_, 676 F. Supp. 2d 934, 942 (E.D. Cal. 2009) ("Longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets are among the indicia of such a presence."). As a general guiding principle, the Fourth Circuit has emphasized the importance of the "quality and nature of the contacts in evaluating whether they meet the minimum contacts requirement." _Consulting Eng'rs Corp. v. Geometric Ltd._, 561 F.3d 273, 279 (4th Cir. 2009).

As a general rule,

> A court may not exercise jurisdiction over individual officers or employees of a corporation merely on the basis of contacts sufficient to justify the exercise of personal jurisdiction over the corporation. The contacts made by each officer or employee must be judged separately from those of the corporation as an entity. Their status as officers or employees does not provide an automatic shield for their activities nor does it provide an automatic basis for the assertion of personal jurisdiction.

16-108 Moore's Federal Practice - Civil § 108.42; _see also_ _Calder v. Jones_, 465 U.S. 783, 790 (1984) ("Petitioners are correct that their contacts with California are not to be judged according to their employer's activities there [...] Each defendant's contacts with the forum State must be assessed individually"); _Williams Elec. Co. v. Honeywell, Inc._, No. 87-

8

3235, 1988 U.S. App. LEXIS 19543, at *4 (11th Cir. Aug. 15, 1988) ("the critical inquiry is whether the individual defendant can incur personal liability for his acts in the forum"); Indiana Plumbing Supply v. Standard of Lynn, 880 F. Supp. 743, 750 (C.D. Cal. 1995) (rejecting the notion that a court has personal jurisdiction over an individual employee simply because the court has jurisdiction over the individual's employer corporation). As such, whether the court has personal jurisdiction over defendants Pike and Byrd is an independent question from whether the court has personal jurisdiction over defendant SunTrust Bank.[2]

The court notes, as an initial matter, that Wright failed to plead any facts supporting personal jurisdiction in his Complaint. Instead, Wright's arguments in favor of personal jurisdiction all appear in his response to defendants' instant motion. In his Memorandum in Opposition to Defendants' Motion to Dismiss, Wright states that

> Defendants, upon information, conducted
> banking affairs with residents and businesses
> in West Virginia via correspondence,
> including, but not limited to telephone
> calls, letters, emails, facsimile, and the
> internet to West Virginia residents,
> potential SunTrust customers, and SunTrust
> customers.

Memorandum in Opposition to Defendants' Motion to Dismiss, p. 3.

---

[2] SunTrust Bank has consented to personal jurisdiction in West Virginia. Defendants' Reply Brief, p. 3.

9

Wright's above-quoted language indicates that he is
asserting a theory of general, rather than specific personal
jurisdiction.  He does not suggest that the court's jurisdiction
is based on the contacts, in Virginia, that Wright had with Byrd
and Pike in the two SunTrust branches.  On its face, the above-
quoted language suggests that defendants contacted a variety of
different customers, using different methods, in order to
transact banking business.  Defendants do not dispute these
assertions in their reply brief.  Instead, they argue that
"simply making a telephone call or sending an email to the forum
state does not create minimum contacts sufficient to create
personal jurisdiction."  Defendants' Reply Brief, p. 2.

As this court has previously noted, "the threshold level of
minimum contacts to confer general jurisdiction is significantly
higher than for specific jurisdiction."  Centricut, 126 F.3d, at
623.  The court finds that plaintiff's factual assertions do not
establish that the court has general personal jurisdiction over
the individual defendants in this case.

Plaintiff has failed to show that the defendants' contacts
with West Virginia were "continuous and systematic."  Work While
U-Wait, Inc., 2007 U.S. Dist. LEXIS 79023, at *7-8.  Although he
alleges that Pike and Byrd communicated with potential and
existing SunTrust customers in West Virginia on more than one
occasion, he provides no further evidence to show the frequency

10

of these contacts, or the number of customers that the individual defendants communicated with.  In the absence of such evidence, the court is left without any basis to conclude whether the contacts were in fact continuous and systematic, or whether they merely occurred on a handful of occasions.

Furthermore, in the absence of more detailed submissions, the court has no way to determine the "quality and nature" of these contacts.  <u>Consulting Eng'rs Corp.</u>, 561 F.3d, at 279. Without knowing the type of information exchanged in the communications between the individual defendants and SunTrust customers, the court cannot weigh the economic impact of those contacts, and thereby determine how substantial those contacts with the forum state really were.  <u>See</u> <u>Roberts</u>, 676 F. Supp. 2d, at 942.  Plaintiff's assertion that "defendants conducted banking affairs" via, among others, telephone, mail and the internet, simply fails to provide any guidance as to the nature of those communications.

Absent from Wright's assertions are additional facts which courts often look to as indicia of continuous and systematic contacts.  <u>See</u>, <u>e.g.</u>, <u>Roberts</u>, 676 F. Supp. 2d, at 942.  First, Wright makes no mention of Byrd and Pike ever having traveled to West Virginia.  As such, there is no evidence that the individual defendants had any physical contacts with the forum state. Second, Wright has also failed to show the proportion of their

11

total work that the individual defendants' communications with West Virginia customers constituted.  Without such a showing, there is nothing to indicate the volume of the individual defendants' activity related to West Virginia.  Finally, to the extent that Wright alleges the individual defendants to have engaged in solicitation of future customers, Wright gives no indication whether those solicitations were personally directed, or general in nature.

### IV. Conclusion

Wright has failed to show continuous and systematic contacts on the part of the individual defendants with the State of West Virginia that would rise to the level required for a finding of general personal jurisdiction.  Accordingly, the court **GRANTS** defendants' motion to dismiss for lack of personal jurisdiction as to defendants Pike and Byrd.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 20th day of May, 2011.

ENTER:

David A. Faber
Senior United States District Judge